**Carlos Roberto PALACIOS–GUZMAN, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–74136.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 25, 2010.

Carlos Roberto Palacios–Guzman, Burlingame, CA, pro se.

Peter H. Matson, Esquire, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Carlos Roberto Palacios–Guzman, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1055–56 (9th Cir.2006), and we deny the petition for review.

The record does not compel the conclusion that Palacios–Guzman demonstrated changed circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Palacios–Guzman did not establish past persecution or a clear probability of future persecution, because he failed to demonstrate the government was unwilling or unable to protect him from the group that kidnapped him. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005); *see also Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors). Accordingly, Palacios–Guzman's withholding of removal claim fails.

Substantial evidence supports the agency's denial of Palacios–Guzman's CAT claim because he failed to demonstrate it is more likely than not he will be tortured if returned to El Salvador. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.